**United States District Court**
**District of Massachusetts**

```
_____
                                )
ARBORJET, INC.,                 )
                                )
          Plaintiff,            )
                                )
          v.                    )    Civil Action No.
                                )    14-14129-NMG
RAINBOW TREECARE SCIENTIFIC     )
ADVANCEMENTS, INC.,             )
                                )
          Defendant.            )
_____ )
```

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises from the alleged breach of a sales agency agreement between plaintiff Arborjet, Inc. ("Arborjet") and defendant Rainbow Treecare Scientific Advancements, Inc. ("Rainbow"). Arborjet designs and manufactures insect and pest control products for direct injection into trees. Rainbow is a direct competitor of Arborjet that manufactures and sells pesticides for the protection of trees and also distributes pesticides manufactured by other companies.

Pending before the Court is defendant's motion to advance the matter for trial and to hold a status conference (Docket No. 122). For the reasons that follow, defendant's motion will be denied.

I.    **Background**

     Plaintiff Arborjet filed a complaint in November, 2014 that
asserted claims for 1) breach of contract, 2) breach of implied
covenant of good faith and fair dealing, 3) false advertising
and false designation of origin in violation of the Lanham Act,
15 U.S.C. § 1125(a), 4) false advertising in violation of M.G.L.
c. 266, § 91, et seq. and 5) common law unfair competition.

     The Court granted a preliminary injunction the following
month that ordered defendant to cease and desist selling,
distributing and/or marketing the product ArborMectin.  The
Court also ordered plaintiff to post a $500,000 security bond.

     In February, 2015, this Court held a scheduling conference
and informed the parties that, if they did not file dispositive
motions, the Court would be able to schedule a jury trial to
commence on September 14, 2015.  The following month, defendant
filed an assented-to motion to continue that particular trial
date so as to accommodate defense counsel's observance of the
Jewish holiday.  The Court rescheduled the trial for October 5,
2015.

     In May, 2015, the parties filed a joint motion to extend
the deadlines for discovery and the filing of dispositive
motions.  The Court approved the proposed extensions and
rescheduled the trial for October 13, 2015.  On September 23,
2015, due to conflicts on its trial docket with respect to two

-2-

criminal cases, one of which has multiple defendants, the Court
postponed the commencement of the trial in this case until
January 11, 2016.

## II. Defendant's motion

On September 25, 2015, defendant filed an unopposed motion
entitled:

> DEFENDANT'S EMERGENCY MOTION TO ADVANCE THIS MATTER FOR
> TRIAL AND FOR AN IMMEDIATE STATUS CONFERENCE TO MITIGATE
> THE PREJUDICE TO THE DEFENDANT CAUSED BY THE
> UNANTICIPATED DELAY FROM THE COURT'S RESCHEDULING OF THE
> TRIAL DATE[.]

Defendant asserts that many of its consumers place their orders
for ArborMectin for the upcoming year during the autumn and
winter seasons so that they can take advantage of early order
discounts.  Defendant contends that, in light of the preliminary
injunction, the continuance of the trial until January, 2016
will cause it to forego a second year of ArborMectin sales and
that the $500,000 security bond posted by plaintiff in
accordance with the terms of the preliminary injunction
("preliminary injunction bond") will not adequately redress
defendant's damages if defendant prevails at trial.

Defendant thus moves for the Court 1) to reschedule the
trial to an earlier date, 2) to hold an "immediate status
conference" to discuss an alternative trial schedule and other
methods of mitigating defendant's damages in the event that

-3-

defendant prevails at trial and 3) to be flexible in its scheduling.

Due to trial conflicts in criminal cases which take precedence over civil cases, the Court cannot at this time accommodate defendant's request to advance the trial in this case and declines to hold a status conference on the issue.

If, however, a vacancy occurs in its trial schedule due to the pre-trial resolution of either of the conflicting criminal cases, the Court will immediately and <u>sua sponte</u> reschedule the trial in this case accordingly and notify the parties.  The parties are forewarned that they are to be ready to proceed to trial on relatively short notice if availability arises. Otherwise, the case remains scheduled for trial to commence with jury empanelment on Monday, January 11, 2016 at 9:00 A.M.

The Court recognizes that the amount of a preliminary injunction bond may restrict the amount of damages recoverable by an enjoined party if that party later prevails at trial. <u>See Int'l Ass'n of Machinists & Aerospace Workers</u> v. <u>Eastern Airlines, Inc.</u>, 925 F.2d 6, 10 (1st Cir. 1991) ("[I]f a bond is posted, liability is limited to the terms of the bond in the absence of a showing of bad faith or malicious prosecution."); <u>Northeast Airlines, Inc.</u> v. <u>World Airways, Inc.</u>, 262 F. Supp. 316, 319 (D. Mass. 1966) ("Under federal law a party enjoined may recover damages from an injunction improvidently granted

-4-

solely upon and to the extent of any injunction bond unless he can prove malicious prosecution."). In light of the delayed commencement of trial, the Court will require plaintiff to post an additional preliminary injunction bond of $250,000 so that the total amount of security will be $750,000.

### ORDER

For the foregoing reasons, defendant's motion to advance the matter for trial and for an immediate status conference (Docket No. 122) is **DENIED**. The Court **DIRECTS** plaintiff to post a second security bond in the amount of Two Hundred Fifty Thousand Dollars ($250,000), on or before Friday, October 9, 2015, in order to increase the total amount of the security posted in accordance with the terms of the preliminary injunction (Docket No. 35) to Seven Hundred Fifty Thousand Dollars ($750,000).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 30, 2015